# EXHIBIT 1

Neville L. Johnson (SBN 66329)
Ronald P. Funnell (SBN 209897)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email:        njohnson@jjllplaw.com
                  rfunnell@jjllplaw.com

Attorneys for Plaintiff/
Counterclaim-Defendant,
Jason Lust and Third-Party Defendant
SAJ Productions, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LUST, an individual,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ANIMAL LOGIC ENTERTAINMENT US, a California limited liability corporation; ZAREH NALBANDIAN, an individual; and DOES 1 through 20, inclusive,<br><br>　　　Defendants. | Case No.: 17-CV-00308-JAK-AFM<br><br>Hon. Judge John A. Kronstadt<br><br>**JOHNSON & JOHNSON LLP'S MOTION TO WITHDRAW AS COUNSEL; REQUEST FOR *IN CAMERA* REVIEW OF SUPPORTING DECLARATIONS; DECLARATION OF RONALD P. FUNNELL**<br><br>Date:　TBD<br>Time:　TBD<br>Place:　Courtroom 10B<br>　　　　First Street Courthouse |
| ANIMAL LOGIC ENTERTAINMENT, LLC, a California limited liability corporation; ANIMAL LOGIC LLC, a California limited liability corporation, and ANIMAL LOGIC ENTERTAINMENT PTY LTD, an Australian company,<br><br>　　　Counterclaimants,<br><br>　　v.<br><br>JASON LUST, an individual,<br><br>　　　Counterclaim-Defendant. | |
| Continues on next Page | |
| ANIMAL LOGIC ENTERTAINMENT, LLC, a California limited liability | |

MOTION TO WITHDRAW AS COUNSEL

| | |
|---|---|
| 1 | corporation; ANIMAL LOGIC LLC, a California limited liability corporation, and ANIMAL LOGIC ENTERTAINMENT PTY LTD, an Australian company |
| 2 | |
| 3 | Third-Party Complainants, |
| 4 | v. |
| 5 | SAJ PRODUCTIONS, LLC, a California limited liability company, |
| 6 | |
| 7 | Third-Party Defendant. |

MOTION TO WITHDRAW AS COUNSEL

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to California Code of Civil Procedure section 282(2) and Central District of California Local Rule 83-2.3.2, Courtroom 10B, 10th floor, of this Court, located at 350 West 1st Street, Los Angeles, CA 90012 at a date and time to be determined by the Court, Johnson & Johnson LLP and its attorneys Neville L. Johnson, Douglas L. Johnson, and Ronald P. Funnell (collectively, "Johnson & Johnson"), counsel of record for Plaintiff and Counterclaim-Defendant, Jason Lust and Third-Party Defendant SAJ Productions, LLC, will move the Court, pursuant to Cal. Code of Civil Procedure § 284, Cal. Rule of Professional Conduct 1.16, and Central District Local Rule 83-2.3.2, for an order permitting Johnson & Johnson LLP, and its attorneys to withdraw as counsel.

Johnson & Johnson further requests, pursuant to Central District Local Rule 79-6, that the Court grant leave to submit the supporting declarations of Ronald P. Funnell, Neville L. Johnson, and Douglas L. Johnson for *in camera* review. This request is made because a client's confidential information cannot be revealed on a motion to withdraw despite its relevance to an underlying conflict of interest or other basis for withdrawal. See Cal. Rule of Court 3.1362(c) (attorney's declaration in support of withdrawal motion cannot compromise attorney-client confidentiality); Cal. State Bar Form. Opn. 2015-192; *Aceves v. Superior Court*, 51 Cal.App.4th 584, 592 (1996) ("the duty not to reveal confidences prevented counsel from further disclosure"). If the Court requires further detail in order to rule on Johnson & Johnson's motion, counsel hereby requests leave to submit supporting facts for the Court's review only.

This Motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Ronald P. Funnell, the records, orders and pleadings on file with the Court in this action, and such further evidence and argument that may be presented before or at the time of the hearing on the Motion.

MOTION TO WITHDRAW AS COUNSEL

This Motion is filed following the conference of counsel required pursuant to Local Rule 7-3, which took place on April 14, 2020.

DATED: May 7, 2020            JOHNSON & JOHNSON LLP

By  /s/ Neville L. Johnson
    Neville L. Johnson
    Ronald P. Funnell
    Attorneys for Plaintiff/
    Counterclaim-Defendant,
    Jason Lust and Third-Party Defendant
    SAJ Productions, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Law firm Johnson & Johnson LLP and its attorneys Neville L. Johnson, Douglas L. Johnson, and Ronald P. Funnell (collectively, "Johnson & Johnson") hereby request the Court's leave to withdraw as attorneys of record for Plaintiff and Counterclaim-Defendant Jason Lust and Third-Party Defendant SAJ Productions, LLC (collectively, "Clients"). Johnson & Johnson make this motion on multiple grounds, as withdrawal is appropriate under California Rules of Professional Conduct ("CRPC") 1.16(b)(4) and (b)(5). Johnson & Johnson is unable to provide significant detail regarding the factual basis underlying its withdrawal request, as counsel is obligated to "not reveal [their client's] confidences." See *Aceves v. Superior Court*, 51 Cal.App.4th 584, 592 (1996). Should the Court require further factual support to rule on this motion, Johnson & Johnson request that the Court, pursuant to Local Rule 79-6, grant leave for Johnson & Johnson to submit the supporting declarations of Ronald P. Funnell, Neville L. Johnson, and Douglas L. Johnson for *in camera* review.

Additionally, the withdrawal of Johnson & Johnson and Clients' eventual substitution of new counsel will not delay prosecution of the case to completion. The Court's Order on Defendant ALE's motion for summary judgment has considerably narrowed the issues to be tried. All that remains to complete the case is the pretrial conference and trial. Trial of this matter is set for November 10, 2020, giving Clients ample time to substitute in new counsel and for new counsel to get up to speed for trial.

For the reasons set forth below, Johnson & Johnson requests that the Court grant the relief requested under California Code of Civil Procedure § 284, California Rule of Professional Conduct 1.16, and Central District Local Rule 83-2.3.2.

///

///

## II.     BACKGROUND FACTS

### A. CRPC 1.16(b)(5) Permits Withdrawal

Permissive withdrawal is proper under the circumstances pursuant to CRPC 1.16(b)(5) ("the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation"). Johnson & Johnson has a good faith basis to withdraw under CRPC 1.16(b)(5). Funnell Decl., ¶¶ 5-6. Johnson & Johnson is unable to disclose further significant details regarding this ground because doing so would violate the attorney's ethical obligation to maintain their client's confidences. *Id.*, ¶ 5.

### B. CRPC 1.16(b)(4) Permits Withdrawal

Permissive withdrawal is proper under the circumstances pursuant to CRPC 1.16(b)(4) ("the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"). Johnson & Johnson has a good faith basis to withdraw under CRPC 1.16(b)(4). Funnell Decl., ¶ 7.  Johnson & Johnson is unable to disclose further significant details regarding this ground because doing so would violate the attorney's ethical obligation to maintain their client's confidences. *Id.*, ¶ 7.

### C. Notice to Clients

Johnson & Johnson served this motion on Clients on May 7, 2020 by both email and U.S. Mail. Funnell Decl., ¶ 4.

## III.    CASE STATUS

This case was set for trial, and the parties had submitted all pretrial documents in preparation for a Final Pretrial Conference on February 18, 2020. Dkt. 162. The parties had reached a settlement in principle and filed a joint notice of settlement and request to stay on February 12, 2020. Dkt. 163. The Court stayed the case, set a status conference for March 16, 2020, and vacated the trial date. Dkt. 164, 165. The status

conference was continued to March 30, 2020 and then taken off calendar. Dkt. 167, 168.  The ALE parties filed a notice of failed settlement on April 22, 2020. Dkt. 169. On April 27, 2020, the Court set a trial date of November 10, 2020. Dkt. 170.

## IV. ARGUMENT

An attorney's motion to withdraw must disclose adequate grounds for excusing counsel from further representation. Philips, et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial, Ch. 12-G, § 12:192; *Nolan v. City of Los Angeles*, 2012 WL 12931720 at *2 (C.D. Cal. Oct. 18, 2012).  Federal courts generally look to the applicable state court rules to determine what constitutes adequate grounds for withdrawal. *Nolan*, 2012 WL 12931720 at *2. Under California law, an "attorney in an action or special proceeding may be changed at any time before or after judgment … [u]pon the order of the court, upon the application of either client or attorney." Cal. Code Civ. Proc. § 284(1). The Court has discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding; but the court's discretion in this area is one to be exercised reasonably. *Mandell v. Superior Court For Los Angeles County*, 67 Cal.App.3d 1, 4.

### A. Withdrawal Is Warranted Under CRPC 1.16(b)(5)

Johnson & Johnson seeks to withdraw as counsel pursuant to CRPC 1.16(b)(5), which expressly permits withdrawal if "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."

As an example of the grounds warranting grant of a motion to be relieved, courts have held "it is generally recognized that the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case." *Lempert v. Superior Court*, 112 Cal.App.4th 1161, 1173; *Darby v. Torrance*, 810 F. Supp. 275,

MOTION TO WITHDRAW AS COUNSEL
3

276 (C.D. Cal. 1992) ("the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw"). *Halicki v. Carroll Shelby International*, 2009 WL 10673175 at *2 (C.D. Cal. Aug. 13, 2009) (same).

Johnson & Johnson is unable to disclose significant details regarding Clients' breach of any agreements relating to the representation because doing so would violate the attorney's ethical obligation to maintain their client's confidences. See *FTC v. Pac. Med. Clinics Mgmt., Inc.*, 1992 U.S. Dist. LEXIS 6247, at *15 (S.D. Cal. Apr. 7, 1992) (granting motion to withdraw where defense counsel did not declare precisely how much money was owed or whether client was able to make such payments).

### A. Withdrawal Is Warranted Under CRPC 1.16(b)(4)

Johnson & Johnson seeks to withdraw as counsel pursuant to CRPC 1.16(b)(4), which expressly permits withdrawal where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."

Case law defines how a client's conduct may render it unreasonably difficult for the lawyer to carry out the representation effectively. See *Estate of Falco v. Decker*, 188 Cal.App.3d 1004, 1014 (1987) ("Appellants' motion to withdraw was granted on the basis that the attorney-client relationship had completely broken down. It is clear from the record that there was mutual animosity between appellants and respondents.").

Thus, a breakdown of the attorney-client relationship is a proper ground for withdrawing as counsel. *Estate of Falco*, 188 Cal.App.3d at 1014; *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal Oct. 8, 2019); Tuft, et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 2019) Withdrawal (Termination) of Lawyer, ¶ 10:46 ("A withdrawal motion may properly be based simply on a personality clash with the client. The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw.").

Other conduct will also suffice as a ground for withdrawal. "[Attorney] cites numerous occasions on which his client ignored his advice. This type of conduct is sufficient to warrant withdrawal under California Rule of Professional Conduct 3-700(C)(1)(d)."[1] *Brooke v. SB Hospitality Palm Springs LLC*, 2017 WL 187132 at *2 (C.D. Cal. Jan 17, 2017).

Johnson & Johnson is unable to disclose significant details regarding Clients' conduct because doing so would violate the attorney's ethical obligation to maintain their client's confidences. When "the duty not to reveal confidences prevent[s] counsel from further disclosure and the court accept[s] the good faith of counsel's representations, the court should ... permit withdrawal." *Aceves v. Superior Court*, 51 Cal.App.4th 584, 592 (1996); *Page v. Stanley*, 2014 WL 2472248, at *2, n. 3 (C.D. Cal. June 2, 2014) ("While plaintiff's counsel do not provide significant detail regarding the factual basis for this conflict and breakdown, the Court recognizes that plaintiff's counsel is obligated to "not reveal [their client's] confidences."); *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal Oct. 8, 2019) (same).

### B. Request for In Camera Review

Under California law, if the court requires disclosure of additional information to demonstrate that the motion is brought in "good faith," counsel may request an *in camera* hearing to provide the court with further details. See *Manfredi & Levine v. Superior Court*, 66 Cal.App. 4th 1128, 1136 (1998); Cal. State Bar Form. Opn. 2015-192. If the Court requires further details, Johnson & Johnson hereby requests leave of Court, pursuant to Local Rule 79-6, to submit the declarations of attorneys Ronald P. Funnell, Neville L. Johnson, and Douglas L. Johnson for *in camera* review.

///

///

---

[1] Rule 3-700(C)(1) was the former version of Rule 1.16(b)(4) and like Rule 1.16(b)(4), allowed permissive withdrawal when the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively."

MOTION TO WITHDRAW AS COUNSEL
5

### C. Withdrawal Will Not Cause Undue Delay

Central District Local Rules provide that "[u]nless good cause is shown and the ends of justice require, no ... relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83–2.3.5. Counsel does not believe that withdrawal and substitution of new counsel will cause an undue delay in the prosecution of the case. This is no longer a complex case. The issues to be tried have been narrowed considerably by the Court's Order on ALE's motion for summary judgment. Dkt. 129. Plaintiff's case has been scaled down to a single claim for breach of the implied covenant of good faith and fair dealing. *Id*. In fact, all pretrial documents have been filed (Dkt. Nos. 148-154), and motions in limine have been fully briefed (Dkt. Nos. 142-147, 155-160). All Clients' replacement counsel needs to do is review to prepare for trial.

The trial of this matter has been postponed is now set for November 10, 2020, giving Clients ample time to substitute in new counsel and for replacement counsel to get up to speed. Because withdrawal is appropriate on all three grounds presented by Johnson & Johnson and withdrawal will not "cause undue delay in the proceeding" (see *Mandell*, 67 Cal.App.3d at 4), the Court should exercise its discretion to grant Johnson & Johnson's request to withdraw.

### V. CONCLUSION

For the reasons stated above, Johnson & Johnson LLP respectfully requests that the Court grant its motion for leave to withdraw as counsel.

DATED: May 7, 2020                    JOHNSON & JOHNSON LLP

By   /s/ Neville L. Johnson
     Neville L. Johnson
     Ronald P. Funnell
     Attorneys for Plaintiff/
     Counterclaim-Defendant Jason Lust
     and Third-Party Defendant
     SAJ Productions, LLC

## DECLARATION OF RONALD P. FUNNELL

I, Ronald P. Funnell, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am an attorney at the law firm of Johnson & Johnson LLP ("Johnson & Johnson") who is counsel of record for Plaintiff and Counter-Defendant Jason Lust and Third Party Defendant SAJ Productions, LLC (collectively, "Clients").

2. I am over the age of 18 and not a party to this action. The matters stated herein are based on my personal knowledge and, if called upon to testify as a witness, I could and would competently testify to the accuracy and truth of such matters.

3. I submit this declaration in support of Johnson & Johnson LLP's Motion to Withdraw as Counsel.

4. On May 7, 2020, I served Jason Lust and SAJ Productions, LLC with a copy of this motion via email and U.S. Mail.

5. Johnson & Johnson has a good faith basis to withdraw from representation of Clients in this matter pursuant to CRPC 1.16(b)(5). I am unable to disclose significant details regarding Johnson & Johnson's grounds for withdrawal because to do so would violate an attorney's ethical duty to maintain client confidences.

6. I gave clients the "reasonable warning" required by CRPC 1.16(b)(5) on February 26, 2020.

7. Johnson & Johnson has a good faith basis to withdraw from representation of Clients in this matter pursuant to CRPC 1.16(b)(5). I am unable to disclose significant details regarding Johnson & Johnson's grounds for withdrawal because to do so would violate an attorney's ethical duty to maintain client confidences.

///

///

1  I declare under the penalty of perjury under the laws of the United States and the State
2  of California that the foregoing is true and correct.  Executed in Beverly Hills, California on
3  the 7th day of May 2020.

*/s/ Ronald P. Funnell*

Ronald P. Funnell